BYER INDUSTRIES, INC.,
et al., Plaintiffs,

v.

GULF INSURANCE CO., et al.
Defendants and Third–
Party Plaintiffs

v.

AMERICAN STAR BUILDERS, INC.
and Mary Merkle, et al., Third–
Party Defendants.

Civ. A. No. 94–1940(JR).

United States District Court,
District of Columbia.

May 11, 1995.

Julie A. Quagliano and Mary Kaitlin McSally, Washington, DC, for Byer Industries, Inc. and Abner Byer.

Robert E. Carney, Whiteford Taylor & Preston, Baltimore, MD, for Gulf Ins.

Elliot S. Epstein, Washington, DC, for Mary Merkel and American Star Builders, Inc.

Charles J. Morton, Jr., Kollman & Sheehan, Baltimore, MD, for Senate Masonry, Inc. and Everett Greenstreet.

## MEMORANDUM

ROBERTSON, District Judge.

On March 16, 1995, the Court heard the motion of Byer Industries, Inc. and Abner Byer and the motion of Senate Masonry and Everett Greenstreet to dismiss the first amended counterclaim and third-party complaint of American Star Builders ("AmStar") and Mary Merkle. On April 5, 1995, AmStar and Mary Merkle moved to amend their counterclaim and what the motion now termed a fourth-party complaint. On April 20, 1995, Elliott Epstein moved for leave to withdraw as counsel for AmStar and Mary Merkle, stating that he had been dismissed. On April 24, counsel for Byer Industries and for defendant Gulf Insurance Co. filed their amended joint scheduling report pursuant to Local Rule 206. On May 1, 1995, counsel for Byer Industries, Abner Byer, and Gulf Insurance Company stipulated for the extension to and including May 15, 1995 of the time within which to file the initial disclosures required by F.R.Civ.P. 26(a)(1).

1. *The pending motions to dismiss.* The first amended counterclaim and third-party complaint of AmStar and Mary Merkle are fatally deficient. The allegations of this pleading, taken as true for purposes of the motion to dismiss, fail sufficiently to allege a predicate act or pattern of racketeering activity and cannot therefore support a claim under the Racketeer Influenced and

Corrupt Organizations Act ("RICO"). 18 U.S.C. § 1961 *et seq.; see, e.g., Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). The attempt to plead a predicate act by asserting mail and wire fraud fails to allege that anyone actually made a false statement or misrepresentation and thus does not plead the allegation of fraud with sufficient particularity. A RICO plaintiff must at minimum allege that a scheme or artifice was intended to deceive the plaintiff, rather than a third party. *McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc.,* 904 F.2d 786, 794 (1st Cir.), *cert. denied* 498 U.S. 992, 111 S.Ct. 536, 112 L.Ed.2d 546 (1990). AmStar and Merkle have alleged a scheme or artifice directed, not toward themselves, but rather toward the Smithsonian Institution or the Small Business Administration. The RICO complaint similarly fails to allege detrimental reliance, *see Brandenburg v. Seidel,* 859 F.2d 1179, 1188 n. 10 (4th Cir.1988), so that the claim of injury and causation cannot be supported. There is no allegation, or an insufficient one, of a "pattern" of racketeering activity. *See H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 238–39, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989).

The other claims made by AmStar and Merkle also fail: The claim for unlawful conspiracy is not actionable under District of Columbia or federal law. *Riddell v. Riddell Washington Corp.,* 866 F.2d 1480, 1493 (D.C.Cir.1989). As for the tortious interference claim, counsel for Amstar and Merkle conceded at oral argument that it was improperly pleaded.

For these reasons, the first amended counterclaim and third-party complaint of AmStar, Inc. and Mary Merkle will be dismissed. The dismissal of the RICO and tortious interference claims is without prejudice, but, as the Court indicated to counsel at the March 16 hearing, any amended pleading should be filed only after careful attention is paid to the obligation of counsel not to present a pleading for any improper purpose, to ensure that claims are warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law, and to take care

that allegations of fact have evidentiary support.

2. *The motion of counsel for leave to withdraw.* It appears from the motion of Mr. Epstein and the response filed *pro se* by Mary Merkle as owner of AmStar that Mr. Epstein has indeed been dismissed. This Court is not the proper forum for the resolution of disputes between Mr. Epstein and his former clients. Mr. Epstein will be granted leave to withdraw. The Court declines to enter the order requested by Mr. Epstein relating to his attorney's fees.

3. *The motion for leave to amend counterclaim and fourth-party complaint.* Counsel for Byer objects that the proposed amended counterclaim and fourth-party complaint adds nothing new and should not be filed. The objection is sustained. In any event, it is not clear whether AmStar and Mary Merkle, having discharged the lawyer who filed this new pleading, continue to assert that it should be filed. In the order accompanying this memorandum, the amended counterclaim and fourth-party complaint is treated as withdrawn and is ordered stricken from the record.

4. *Scheduling matters.* The agreed new deadline for the filing of initial disclosures by Byer Industries, Inc., Abner Byer and Gulf Insurance Company will be approved. The amended joint scheduling report will be accepted in most respects. The motion to dismiss, filed *pro se* by Mary Merkle on April 26, 1995, will be denied. An appropriate order will issue this date.

### ORDER

Upon consideration of the entire record, and for reasons stated by the Court during oral argument on March 16, 1995 and in a memorandum issued contemporaneously herewith, it is this 10th day of May 1995 ORDERED that:

1. The motions of Abner Byer and Byer Industries, Inc. [# 22] and of Everett Greenstreet and Senate Masonry, Inc. [# 28] to dismiss the counterclaim and third-party complaint of American Star Builders, Inc. and Mary Merkle [# 25] are granted.

2. Elliott S. Epstein has leave to withdraw as counsel for Mary Merkle and American Star Builders, Inc. His motion to strike the response to his motion to withdraw is denied.

3. The motion of American Star Builders, Inc. and Mary Merkle for leave to amend counterclaim and fourth-party complaint [# 37] is treated as withdrawn and is ordered stricken from the record.

4. The motion to dismiss of Mary Merkle and American Star Builders, Inc. [# 40] is denied. Mary Merkle is urged to retain new counsel. American Star Builders, Inc., is directed to retain new counsel. *See Bristol Petroleum Corp. v. Harris,* 901 F.2d 165, 166 n. 1 (D.C.Cir.1990).

5. The stipulation of Byer Industries, Inc. and Abner Byer and of Gulf Insurance Co. to extend to and including May 15, 1995 their time to file the initial disclosures required by F.R.Civ.P. 26(a) is approved.

6. This matter is assigned to the standard track. Local Rule 207. The parties have to and including June 30, 1995 within which to identify and disclose any expert witnesses in accordance with F.R.Civ.P. 26(a)(2); to and including July 31, 1995 within which to disclose any rebuttal experts; to and including August 31, 1995 within which to complete all discovery; and to and including September 29, 1995 within which to file any dispositive motions. A response to any dispositive motions shall be served and filed within 20 days of service of the motion, and any reply shall be served and filed within 7 days of service of the response.

7. The final pretrial conference is set for 9:45 a.m., November 10, 1995. Trial will commence at 9:30 a.m. on November 27, 1995.